## Case No. 11,437.
### PRITCHARD v. GEORGETOWN.
[2 Cranch, C. C. 191.] 1
Circuit Court, District of Columbia. Dec. Term, 1819.

MUNICIPAL CORPORATIONS—LIABILITY FOR NEGLIGENT ACTS OF AGENT—RAISING LEVEL OF STREET—WITNESS—TESTIMONY AGAINST INTEREST.

1. An action on the case will lie against a corporation aggregate, for damage done by its agent in raising the level of a street above the graduation fixed by a previous by-law, if it be done ignorantly or negligently by the agent: but not if done by the agent knowingly and wilfully.

2. A witness who is interested cannot be compelled to testify against his interest.

3. In order to make the corporation liable for damages, it is not necessary that the act should have been ordered by a by-law, or by any written order to the agent. If done by the agent by the previous authority, or subsequent assent of the corporation, it is liable.

This was an action upon the case [by Benjamin Pritchard] against the corporation of Georgetown, by its corporate name, to recover damages for injury done to the plaintiff's house and lot by raising the level of the street after the plaintiff had built a house, accommodated to a previous level fixed by a by-law of the corporation. There had been no proceedings in the nature of a writ of ad quod damnum, according to the 12th section of the act of congress of March 3, 1805 (2 Stat. 332), "to amend the charter of Georgetown," of the 4th section of the act of congress of March 3, 1809 (2 Stat. 537), supplementary to the act to amend the charter. The power given to the corporation by those acts, to open, extend, and regulate the streets, is accompanied by an express condition that they make just compensation to the persons thereby injured.

Mr. Key and Mr. Dunlop, for defendants, contended,

1st. That no action for a tort will lie against a corporation aggregate unless for an act within their corporate powers. Doe v. Woodman, 8 East, 228; Chit. Pl. 66.

2d. That the corporation is not responsible for the acts of its agents unless done within the scope of their authority as agents. Chit. Pl. 68; M'Manus v. Crickett, 1 East, 106; 1 Bl. Comm. 432, Christian's note, (26.)

Mr. Jones, contra, cited Chit. Pl. 98, and contended that the supreme court of the United States in the case of Patterson v. Bank of Columbia [unreported], had overruled the doctrine that a corporation aggregate is not liable for torts. That this action lies upon the general principle that if any injury is done to an individual for the general benefit, the public should make compensation. This principle is sanctioned by the 12th section of the amended charter of 1805, and the 4th section of that of 1809. If done

1 [Reported by Hon. William Cranch, Chief Judge.]

by the agents of the corporation, it is not necessary, in order to make the corporation liable, that the orders should have been in writing. Whether the agents acted by the authority of the corporation, is a question for the jury. If done by the agents in their official capacity, and it has been sanctioned by the corporation, it is liable; or if the agents did it ignorantly or negligently. If suit had been brought against the agents, they would have pleaded that they did it officially, &c.

THE COURT (CRANCH, Chief Judge, doubting) was of opinion, that there was no objection to the form of action. That if the act was done by the agents, ignorantly or negligently, the corporation is liable; but not if done by the agents, knowingly and wilfully. Verdict for the plaintiff, $300.